[Cite as *Bennett v. Bennett*, 2012-Ohio-501.]

IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

|  |  |  |
|---|---|---|
| | : | |
| GEORGE BENNETT | | |
| Plaintiff-Appellant | : | C.A. CASE NO. 11 CA 52 |
| | | |
| vs. | : | T.C. CASE NO. 09-DR-1176 |
| | | |
| | : | (Civil Appeal from |
| JILL M. BENNETT | | Common Pleas Court, |
| Defendant-Appellee | : | Domestic Relations Division) |

. . . . . . . . .

## O P I N I O N

Rendered on the 10th day of February, 2012.

. . . . . . . . .

Douglas W. Geyer, Atty. Reg. No. 0022738, 451 Upper Valley Pike, Springfield, OH 45504
      Attorney for Plaintiff-Appellant

Jon Paul Rion, Atty. Reg. No. 0067020, 130 W. Second Street, Suite 2150, P.O. Box 1262, Dayton, OH 45402
      Attorney for Defendant-Appellee

. . . . . . . . .

GRADY, P.J.:

{¶ 1} This is an appeal from an "Entry" of the domestic relations division of the court of common pleas filed in a divorce action that overruled objections to a magistrate's decision granting a decree of divorce and approved and adopted the decision as the court's final order in the action. We find that the decision

the court entered does not comply with Civ.R. 54(A), and is therefore not an order, judgment, or decree subject to appellate review. The appeal will be dismissed and the case remanded for further proceedings.

{¶ 2} George and Jill Bennett were married on July 10, 1999. Two children were born of the marriage. George[1] commenced an action on a complaint for divorce on December 3, 2009. (Dkt. 1.) Jill filed an answer and counterclaim for divorce on December 4, 2009. (Dkt. 11.) The matter was referred to a magistrate for hearings and a decision on the claims for relief pleaded in the action.

{¶ 3} Following hearings, the magistrate on January 5, 2011 filed a comprehensive, fifty-one page decision in the form of a decree of divorce, which the court made its interim order. (Dkt. 64.) Both parties filed objections to the decision. George filed two objections concerning matters which are likewise the subject of this appeal.

{¶ 4} George objected to the magistrate's designation of Jill as the residential parent and legal custodian of the parties' two minor children, instead of ordering shared parenting as George had requested. George also objected to the magistrate's

---

[1] For clarity and convenience, the parties are identified by their first names.

determination that an award for personal injuries George was paid is marital property, and an order dividing the proceeds of that property with Jill accordingly.

{¶ 5} On June 28, 2011, the domestic relations court journalized an "Entry" addressing the magistrate's decision and the parties' objections. (Dkt. 82.) Concerning each objection, and without further elaboration, the court stated that, following an independent review, it disagreed with the contentions the objections involved and found the objections not well-taken, and therefore that the objections "shall be and herewith are OVERRULED." The court's order concludes:

{¶ 6} "IT IS FURTHER ORDERED that the Magistrate's Decision filed in the within matter on January 5, 2011 is approved by this Court in its entirety and adopted by this Court as its Final Appealable Order.

{¶ 7} "IT IS FURTHER ORDERED that all costs associated with this Objection shall be assessed to both parties equally.

{¶ 8} "THIS IS A FINAL APPEALABLE ORDER.

"_____/s/_____

"Thomas J. Capper, Judge"

{¶ 9} On July 18, 2011, George filed a notice of appeal from the Entry of June 28, 2011. George's brief on appeal presents the following two assignments of error:

**FIRST ASSIGNMENT OF ERROR**

{¶ 10} "The order designating the Defendant/Appellee, JILL M. BENNETT, as the residential parent for the two minor children, adopted by the trial court, is based in an erroneous conclusion drawn by the magistrate which is not supported by the evidence presented during the various hearings held herein when the adoption of either of the shared parenting plans submitted by Plaintiff/Appellant, GEORGE F. BENNETT, JR. is, in fact, supported by the evidence presented during the various hearings and is truly in the best interest of the minor children."

**SECOND ASSIGNMENT OF ERROR**

{¶ 11} "The trial court abused its discretion by adopting the magistrate's decision finding against the manifest weight of the evidence that Plaintiff/Appellant, GEORGE BENNETT JR's USAA personal injury settlement from an accident, which occurred while on duty as an officer of the Clark County Sheriff were marital property subject to division during the divorce."

{¶ 12} The two errors George assigns for our review present the same contentions that the court rejected when it overruled George's objection to the magistrate's decision in those same respects.

{¶ 13} The appellate jurisdiction of the courts of appeals to review final judgments and orders of lower courts of record is

as may be provided by legislative enactment. Section 3(B)(2), Article IV, Ohio Constitution. That jurisdiction is limited to final orders, judgments, and decrees. Id.; R.C. 2505.03(A). Final orders and judgments are defined by R.C. 2505.02.

{¶ 14} "A final appealable order has three essential characteristics: it is *final* under Civil Rule 54(B); *appealable* under RC Ch. 2505; and meets the definition of an *order*, *judgment*, or *decree*. Each of these characteristics is a separate requirement, the absence of any of which will deprive the court of jurisdiction to hear the appeal." Sowald & Morganstern, Ohio Practice Domestic Relations Law (2009) 725, Section 32:1 (emphasis in original).

{¶ 15} A judgment and decree of divorce is final under Civ.R. 54(B) when it determines every claim presented by the parties to an action. It is then appealable under R.C. 2505.02(B)(1) because the judgment and decree "affects a substantial right in an action that in effect determines the action and prevents a judgment." It meets the definition of a judgment, order, or decree when it satisfies the definitional provisions of Civ.R. 54(A), which states:

{¶ 16} "Definition; form. 'Judgment' as used in these rules includes a decree and any order from which an appeal lies as provided in section 2505.02 of the Revised Code. <u>A judgment shall not</u>

**contain a recital of** pleadings, **the magistrate's decision in a referred matter**, or the record of prior proceedings." (Emphasis supplied.)

{¶ 17} When no objections to a magistrate's decision are filed, the court may adopt the decision as the court's order "unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). In that instance the court performs no independent review of the merits of the magistrate's decision, because the lack of objections waives the parties' right to such a review, as well as the right to assign error on appeal concerning the court's adoption of findings of fact or conclusions of law in the magistrate's decision. Civ.R. 53(D)(3)(b)(iv).

{¶ 18} When timely objections are instead filed, "the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 54(D)(4)(d). That review is the equivalent of a de novo determination. *Klamfoth v. Klamfoth* (April 9, 1996), Franklin App. No. 95APF10-1396.

{¶ 19} "In addition to specifically ruling on objections, it has long been held that the trial court must issue a separate judgment reflecting its own decision. A judgment which

incorporates the trial court's own decision on objections to the magistrate's decision meets the requirements of a final order under Civil Rule 54(A).[]

{¶ 20} "Civil Rule 54(A) provides that '[a] judgment entry shall not contain a recital of pleadings, the magistrate's decision in a referred matter, or the record of prior proceedings.' A trial court must render its own separate judgment and may not simply state that it approves, adopts, or incorporates a magistrate's decision. A judgment entry is not sufficient if it merely recites that a recommendation/decision is approved and adopted thereby requiring the parties to refer to another document in order to determine exactly what their rights and obligations are. It has been said that '. . . the judgment entry must be worded in such a manner that the parties can readily determine what is necessary to comply with the order of the court' and need not resort to any other documents.[] Accordingly, for a judgment entry of the court to be a final appealable order, it must adopt, reject, or modify the magistrate's decision and state, for identification purposes, the date the magistrate's decision was filed.[] It should state the outcome and contain an order which states the relief granted so that the parties are able to determine their rights and obligations by referring solely to the judgment entry and should be a document separate from the magistrate's decision.[]" Sowald

& Morganstern, Ohio Practice Domestic Relations Law (2009) 701-02, Section 31:13 (internal footnotes omitted).

{¶ 21} The "Entry" the court filed on June 28, 2011, from which this appeal is taken, fails to contain an order or orders which states the relief the court granted the parties concerning the matters in the magistrate's decision to which George filed his two objections, in order that the parties could determine and be aware of their rights and obligations solely from the court's judgment, separate from the magistrate's decision to which the judgment also makes reference. In that respect, the judgment improperly contained a "recital" of the magistrate's decision as the basis of the relief the court purported to grant, contrary to Civ.R. 54(A). In its form, therefore, the June 28, 2011 Entry from which this appeal is taken fails to meet the definition of a judgment, order, or decree. Not being a judgment, order, or decree, the entry is not subject to appellate review. R.C. 2505.03(A). We therefore lack jurisdiction to review the error assigned.

{¶ 22} The appeal will be dismissed and the case remanded to the trial court for further proceedings on the objections the parties filed. The parties should note that in the event the court rules on questions of fact in their objections by entering a judgment which is proper in its form for purposes of Civ.R. 54(A)

but nevertheless general in its character, an aggrieved party may request findings of fact and conclusions of law from the court pursuant to Civ.R. 52. Findings and conclusions would greatly aid in narrowing the issues in any future appeal.

FROELICH, J., concurs.

HALL, J., dissents.

Hall, J., dissenting:

{¶ 23} I do not believe that the trial court is required to re-publish a 51-page Judgment Entry and Decree of Divorce that adopted the Magistrate's decision and which was filed before timely objections were filed by both parties. The Entry overruling of the objections in their entirety, after an independent review is, in my view, a final order and I would address the merits of the appeal.

. . . . . . . . .

Copies mailed to:

Douglas W. Geyer, Esq.
Jon Paul Rion, Esq.
Hon. Thomas J. Capper