[Cite as *Bowshier v. Bowshier*, 2013-Ohio-297.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

ROBERT L. BOWSHIER                    :

     Plaintiff-Appellee                     :               C.A. CASE NO.    2012 CA 40

v.                                                        :               T.C. NO.    12CVG667

TEDDY BOWSHIER                        :               (Civil appeal from
                                                                            Municipal Court)

     Defendant-Appellant                 :

                                                          :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____1st____ day of ____February____, 2013.

. . . . . . . . . .

EDWIN A. GRINVALDS, Atty. Reg. No. 0030884, 125 Scioto Street, Urbana, Ohio 43078
     Attorney for Plaintiff-Appellee

WILFRED L. POTTER, Atty. Reg. No. 0029121, 234 North Limestone Street, Springfield,
Ohio 45503
     Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    This matter is before the Court on the Notice of Appeal of Teddy Joe

Bowshier, filed June 5, 2012.  Teddy's Notice of Appeal provides that he appeals from the

May, 30, 2012, decision of the trial court which adopted the magistrate's decision concluding that Teddy failed to prove the existence of an oral land contract between him and Robert Bowshier, his uncle, after Robert filed a Complaint in Forcible Entry and Detainer. The trial court also granted a writ of restitution of the premises in favor of Robert. Teddy's Notice of Appeal also provides that he appeals from the trial court's June 4, 2012, "Corrective Entry" which set aside an initially imposed stay of execution of the order granting Robert Bowshier restitution of the premises. We note that on June 5, 2012, Teddy filed a "Request for Stay of Order for Purposes of Appeal" in this Court. On June 8, 2012, this Court granted the motion, noting that the parties agreed to the posting of a monthly supersedeas bond in the amount of $650.00. The premises at issue include a garage, located at 6 Vanada Avenue, Springfield, Ohio, that Teddy intended to use for his upholstery business.

{¶ 2} Robert filed his Complaint in Forcible Entry and Detainer on February 17, 2012, in the Municipal Court of Clark County. Therein he alleged that the parties' oral month to month lease of the premises expired on February 16, 2012, and that the terms of the lease were broken by Teddy's failure to pay rent. The complaint provides that Robert provided Teddy with written notice to vacate the premises, and that Robert seeks restitution of the premises. Further the compliant provides that Teddy owes $1,917.00 in unpaid rent and late charges through January 31, 2012, and $589.00 for each additional month until vacated, along with any damages. Attached to the complaint is a Notice to Leave Premises, addressed to Teddy, which indicates that it was served on February 10, 2012, by Terry Bowshier. The notice demands that Teddy leave the premises by February 16, 2012,

"because you have not paid your rent pursuant to Section 1923.02(b) of the Ohio Revised Code." The notice is signed by Shawn A. Bowshier, and beneath the signature line, the notice provides, "Shawn A. Bowshier, agent for Robert L. Bowshier, owner."

{¶ 3} On March 6, 2012 Teddy filed an Answer and Counterclaim against Robert. As affirmative defenses, Teddy asserted that he entered into a land contract with the owners of the premises for the purchase of the property, and that he made improvements to the property in the amount of $18,000.00, plus payments of $10,600.00, for a total amount of $28,600.00, "for which amount Teddy Bowshier has filed and perfected a Mechanics Lien." Teddy further asserted that Robert "has illegally and unlawfully, utilizing a Power of Attorney, transferred the Title to 8 Vanada, Springfield, Ohio, to himself, which transfer is void. * * * As such, [Robert] is not authorized to maintain this action."

{¶ 4} In his counterclaim, Teddy asserted that the forcible entry action is frivolous conduct, "pursuant to R.C. 2323.51 and Ohio Civ.R. 11," and that he incurred legal fees in the amount of $2,500.00 as a result. Teddy asserted in his second cause of action that "in order for the court to fashion a proper remedy, the proper ownership of the subject property herein must be established," and that Robert transferred ownership of the property "from his mother to himself" by self-dealing. Teddy's third cause of action provides that he "is demanding payment in full of $28,600 to remove the mechanics lien. Said demand having been refused by plaintiff by the filing of this compliant in forcible entry and detainer, counterclaimant is requesting that the mechanics lien * * * be foreclosed and the property sold to satisfy the mechanics lien with the sale proceeds." Finally, in his fourth cause of action, Teddy sought specific performance of the parties' oral land contract. Attached is

Teddy's Affidavit for Mechanics Lien and a General Warranty Deed, dated April 29, 2009, which provides that Betty L. Bowshier grants to Robert the property at issue. Beneath the signature block the deed provides, "Betty L. Bowshier, by Robert L. Bowshier, her attorney-in-fact."

{¶ 5} On March 6, 2012, Teddy filed a Motion to Transfer, asking the court to transfer the matter to the Clark County Court of Common Pleas. The motion provides, "The counter claimant of defendant (sic) exceeds the jurisdictional amount of this court and involves title to the real property which can only be done by the court of Common Pleas."

{¶ 6} On March 7, 2012, Robert filed the Affidavit of Shawn Bowshier, dated February 27, 2012. The affidavit provides in part that Shawn is the manager of the Vanada premises for Robert, and that Teddy "became a commercial tenant," and that the "terms of the oral agreement have been broken * * * for reason of non-payment of rent."

{¶ 7} On March 13, 2012, Teddy filed a "Memorandum of Defendant" (sic) "to establish that this court does not have jurisdiction over the forcible entry and detainer action in this case. When title to real property is placed in question, this Court is without jurisdiction to hear the matter pursuant to Ohio law." Teddy relied upon this Court's decision in *Ryan v. Kenley*, 2d Dist. Montgomery No. 19534, 2003-Ohio-2088. Teddy further asserted that "[a]t initial hearing, this court raise[d] the issue of the statute of frauds requiring land contracts to be in writing. That is a correct statement of law but there are equitable doctrines that remove an oral land contract from the operation of the statute of frauds. One of those equitable doctrines that remove[s] a land contract from the operation of the statue of frauds is the doctrine of partial performance." Teddy asserted that he is

entitled to enforce his oral Land Contract since, in reliance thereof, he has performed acts which changed his position to his prejudice, namely taken possession of the property and made payments and improvements. Teddy further asserted that "the doctrine of unjust enrichment also removes this controversy from the Statute of Frauds." Finally, Teddy again asserted that Robert "and his agents are not the proper legal owners of the subject property because he transferred the property to himself by POA." Teddy concluded, "This matter must be transferred to the Common Pleas Court for adjudication for enforcement of the Land contract, determination of title of the real property, foreclosure of the Mechanics lien and damage against Plaintiff."

{¶ 8} On March 14, 2012, Robert filed "Plaintiff's Memorandum." Robert asserted that an "action in forcible entry and detainer is limited to determining the present right of possession of the property[,]" and "determination of title is only incidental to the determination of the right to present possession." Robert asserted that the "Counterclaim raised by the defendant in the present case is one which the municipal court is wholly without jurisdiction to hear, regardless of the amount of damages sought." Further, Robert asserted that "under the mandatory requirements of Civ.R. 12(H), the court must dismiss the claim if the court lacks subject matter jurisdiction."

{¶ 9} On April 4, 2012, a hearing was held before the Magistrate. On April 17, 2012, the Magistrate issued a decision which indicates that Teddy, represented by counsel, as well as counsel for Robert, were present at the hearing. Robert did not appear at the hearing. The Magistrate's decision provides as follows:

The parties agreed that defendant took possession of a property at 6

Vanada, Springfield, Ohio 45506 and started making monthly payments of $589.00 to the Plaintiff in May of 2010. The parties agree that the Defendant stopped paying in November of 2011. The parties do not agree on whether they have a lease agreement or a land contract.

Plaintiff is alleging that the parties entered into an oral month to month commercial lease for the premises. Plaintiff offers the affidavit of Shawn Bowshier in support.

Defendant alleges that the parties entered into an oral land contract for the purchase of 6 Vanada, Springfield, Ohio 45506. Defendant testified that Robert Bowshier offered to sell him the property on a land contract for $2,500.00 down and $589.00 per month for five years. The Defendant believes the purchase price was $25,000.00, however, he is unsure if he is paying any interest. He is sure that the $589.00 per month included taxes and insurance on the property although he does not know the cost of the taxes or insurance.

Defendant further testified that after his initial Conversation with Robert Bowshier, Terry Bowshier came to his home and presented a written land contract and asked for the $2,500.00 down payment. Defendant did not have the $2,500.00 and therefore Terry Bowshier left with the document unsigned. Defendant then called Robert Bowshier and according to the Defendant the parties agreed that he could pay the $2,500.00 over time or at the end of the term.

Defendant further offers that he has spent a substantial amount of time and money to get the garage cleaned up and usable. Defendant replaced the furnace, repaired drywall, cleaned and made repairs to the plumbing. Defendant offers this as evidence that he was not merely renting the property.

* * *

In this case the Defendant bears the burden of proof to the standard of clear and convincing evidence that there was indeed an oral land contract and that he in reliance on such contract has "undertaken unequivocal acts" "which have changed his position to his detriment". In this vain, the Defendant has presented evidence of the improvements * * * he has made to the property. The Magistrate finds that the improvements made are not out of line with improvements made in many commercial and even residential leases. The fact that the Defendant improved the property by making necessary repairs in order to use the building in his commercial venture is not indicative that he was purchasing the property rather than leasing. Furthermore, by his own testimony the Defendant was presented with a written land contract that Plaintiff's agent refused to execute without payment of the $2,500 down payment. Moreover, the Defendant labeled one of his payments as "G rent[.]" * * *

Taking into account all the evidence presented at the hearing the Magistrate finds that the Defendant has failed to prove by clear and convincing evidence that there was an oral land contract. * * *

The Magistrate further finds that even if there were an oral land contract the Defendant has failed to prove by clear and convincing evidence that the doctrine of part performance should remove this contract for the sale of real property from the Statute of Frauds.

Wherefore, the Magistrate finds the parties have an oral month to month lease and Defendant has violated the terms of the lease for the reason of non-payment of rent.

The Defendant was served a notice to vacate on February 16, 2012 and has failed to vacate.

The Plaintiff is entitled to restitution of the premises.

The Magistrate recommends a writ of restitution be issued effective April 30, 2012.

{¶ 10} On April 24, 2012, Teddy filed a "Request for Finding[s] of Fact and Conclusions of Law." Specifically, Teddy requested "the basis for the finding that the expenditure of $18,000 on a building worth $25,000 to $35,000 are not out of line with improvements made in many commercial and residential leases; and , findings of facts and conclusions of law concerning cases cited by Defendant" regarding the issue of jurisdiction. The Magistrate issued a decision on May 2, 2012, that provides, "The Magistrate's Findings of Fact and Conclusions of Law are contained within the Magistrate's Decision, which was filed on April 17, 2012." On May 4, 2012, the trial court adopted the Magistrate's decision and ordered a writ of restitution effective April 30, 2012.

{¶ 11} On May 8, 2012, Teddy filed an "Objection to Decision by Magistrate," in

which he asserted that he objected "to the decision of the Magistrate to find that there was not clear and convincing evidence and for the Magistrate decision to ignore the case law, because he had no jurisdiction. He, (sic) also objects to the Magistrate[']s decision not to issue (sic) on the findings of the facts and conclusions of law on the issue of jurisdiction." The Objection also provides, "This requested information is necessary to perfect a proper appeal." In his supporting memorandum, Teddy repeated his arguments that the Magistrate lacked jurisdiction over the matter, in reliance upon *Ryan*. Teddy objected to the "Magistrate issuing a ruling that found no land contract * * * ." Teddy further asserted that it "was error for the Magistrate to use the Affidavit of Plaintiff as evidence in a contested hearing without the opportunity for cross examination." Teddy asserted that the Magistrate "used extra judicial information [in] finding that the expenditures of Defendant of over $18,000 was 'not out of line' with those of residential and commercial leases." Teddy asserted that the decision of the Magistrate "ignores the doctrine of unjust enrichment, which also removes this controversy from the Statute of Frauds, and the fact that defendant had a 'Mechanics Lien' which is outside of this court's jurisdiction." Finally, Teddy again asserted that Robert engaged in self-dealing when he transferred the property to himself.

{¶ 12} On May 30, 2012, the trial court issued a Decision that provides in part: "The Court has reviewed Defendant's objections as well as the supporting documents filed by both parties. The Court has also thoroughly reviewed the decision of the magistrate." The court then indicated that it adopted the Magistrate's decision in its entirety, which the court repeated verbatim. The transcript of the hearing before the Magistrate was not filed below in the trial court. This Court granted Teddy's "Motion to Extend Time and Show

Cause," which was filed on August 3, 2012, in which he requested an extension of time to file the transcript herein.    The transcript was filed on September 4, 2012.

{¶ 13} On September 17, 2012, Robert filed a motion requesting that the stay imposed by this Court be lifted due to Teddy's failure to post the monthly supersedeas bond due on September 1, 2012.   Teddy opposed the motion, asserting that he made the payment although it was untimely.   This Court overruled Robert's motion, noting that the bond was posted on September 20, 2012.

{¶ 14} On October 24, 2012, Robert filed a second motion to lift the stay, and on October 16, 2012, this Court sustained the motion.   On November 16, 2012, Teddy filed a motion to reinstate the stay pending appeal.   On December 13, 2012, this Court granted a reinstatement of the stay pending appeal.

{¶ 15} Teddy asserts four assignments error.   His first assigned error is as follows:

"THE MAGISTRATE ERRED AS A MATTER OF LAW WHEN HE DID NOT TRANSFER THE CASE TO COMMON PLEAS COURT."

{¶ 16} Teddy asserts that the "Mechanics Lien Foreclosure and the Unjust Enrichment Claim both exceeded the jurisdictional limits of municipal court, and the voidable title question required transfer" of the entire matter.   Teddy asserts that he requested specific performance of the oral land contract, and that the doctrines of partial performance and unjust enrichment remove the controversy from the Statute of Frauds. Finally, he asserts that Robert "and his agents are not the proper legal owners of the subject property because [Robert] transferred the property to himself."

{¶ 17} Chapter 1901 of the Ohio Revised Code governs municipal courts. R.C.

1901.18 provides as follows:

> (A) Except as otherwise provided in this division or section 1901.181 of the Revised Code, subject to the monetary jurisdiction of municipal courts as set forth in section 1901.17 of the Revised Code, a municipal court has original jurisdiction within its territory in all of the following actions or proceedings and to perform all of the following functions:

* * *

> (3) In any action at law based on contract, to determine, preserve, and enforce all legal and equitable rights involved in the contract, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties to the contract.

* * *

> (8) In any action of forcible entry and detainer.

{¶ 18} R.C. 1901.17 provides that a "municipal court shall have original jurisdiction only in those cases in which the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed fifteen thousand dollars * * *."

{¶ 19} Civ.R. 13(J) provides, "In the event that a counterclaim, cross-claim, or

third-party claim exceeds the jurisdiction of the court, the court shall certify the proceedings in the case to the court of common pleas."

{¶ 20} Civ.R. 12(H)(3) provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction on the subject matter, the court shall dismiss the action."

{¶ 21} A cause of action for forcible entry and detainer is created by Chapter 1923 of the Ohio Revised Code. "An action in forcible entry and detainer is solely a possessory action. * * * It does not determine the title to real property. The gist of the action is the right to present possession." *Haas v. Gerski*, 175 Ohio St. 327, 194 N.E. 2d 765 (1963). "A forcible entry and detainer action is intended to serve as an expedited mechanism by which an aggrieved landlord may recover possession of real property." *Miele v. Ribovich*, 90 Ohio St.3d 439, 441, 2000-Ohio-193, 739 N.E.2d 333. "An action of forcible entry and detainer is an action at law based on contract and under R.C. 1901.18[(A)(3)], the municipal court has equitable jurisdiction. *Behrle v. Beam"* [6 Ohio St.3d 41, 451 N.E.2d 237 (1983)]. *Terra Management Co. v. Bishop*, 2d Dist. Montgomery No. CA 9919, 1987 WL 5312 (Jan. 2, 1987).

{¶ 22} In *Ryan*, 2003-Ohio-2088, upon which Teddy relies, Ryan appealed from the judgment of the County Court of Montgomery County, Area One, in favor of Craig Kenley, on Ryan's forcible entry and detainer claim. In his Answer, Kenley admitted Ryan's legal title but claimed an "'equitable title to the property.'" *Id.*, ¶ 5. After a hearing, the court "concluded that Kenley is the 'equitable owner' of the property and, therefore, that Ryan is not entitled to restitution of the premises even though he holds the

legal title to the property." *Id.*, ¶ 6.

{¶ 23}    In addition to entering judgment in favor of Kenley on Ryan's forcible entry and detainer   claim, the court transferred all remaining claims to the court of common pleas "for that court's determination in a quiet title action between these parties that was then pending." *Id.*, ¶ 7. On appeal, Ryan asserted that the county court lacked jurisdiction to resolve Kenley's equitable title defense, "or, on that basis, find that Kenley owns an equitable title in the land in derogation of Ryan's legal title, because the court lacked jurisdiction to do those things." *Id.*, ¶ 8. This Court, citing R.C. 1907.01, noted that county courts are statutory in nature, and that "R.C. 1907.05[1] limits the jurisdiction of county courts in civil actions in which title to real property is disputed to those matters identified in paragraphs (A) and (B) of that section. Those matters do not comprehend claims for forcible entry and detainer." *Id.*, ¶ 13. This Court further determined that "R.C. 1907.05 creates an exception to the general jurisdiction conferred by R.C. 1907.031(A)(6) on county courts to hear and determine actions for forcible entry and detainer when the claims or defenses presented bring the title to the real property concerned 'in question.'" *Id.*, ¶

{¶ 24}   This Court further noted as follows:

---

[1]R.C. 1907.05 provides as follows:
   County courts have jurisdiction in civil actions in which the title to real estate may be drawn in question as follows:
   (A) In actions for trespass on real estate in which the damages demanded do not exceed fifteen thousand dollars;
   (B) In actions to recover from the owner of adjoining land the equal proportion of the expense incurred in obtaining evidence in surveys to fix corners or settle boundary lines.

It has been held that when an action in forcible entry and detainer is filed in municipal court and involves several issues which the municipal court does not have jurisdiction to determine, it is error for the court to decide only the forcible entry and detainer claim for relief, rather than to transfer the entire action to the common pleas court for complete adjudication upon all issues involved. *O'Hara Realty v. Lloyd* (1996), 116 Ohio App.3d 439.

We agree with the sense of *O'Hara* that judicial economy is better served when all competing and related claims for relief between parties are determined by the same court in a single action. The quiet title action before the court of common pleas, to which the county court referred the other claims before it, is such a vehicle for relief.

Plaintiff Ryan's assignment of error is sustained. The judgment from which the appeal was taken will be reversed, and the cause will be remanded to the trial court on our special mandate to also refer the forcible entry and detainer claims and defenses to the common pleas court for its determination in the quiet title action.

{¶ 25} In *O'Hara Realty*, with which rationale this Court agreed, the Seventh District reversed the judgment of the county court that dismissed the tenant's counterclaim, as lacking in merit, and remanded the matter with instructions to certify the case to the common pleas court, since the tenant's counterclaim exceeded the monetary jurisdiction of the county court.

{¶ 26} Regarding Teddy's counterclaim addressed to legal title to the premises,

there is no statutory authority conferring jurisdiction on the municipal court to determine legal title to the premises at issue herein. Civ.R.12 mandates dismissal of the counterclaim, and Civ.R. 13 does not constitute authority to certify the entire matter to the court of common pleas. By its language, Civ.R. 13 requires transfer when the counterclaim *exceeds* the municipal court's jurisdiction, as in *O'Hara*. *Ryan* is distinguishable, in that the forcible entry and detainer action as well as Kenley's equitable defense were transferred pursuant to a special mandate to an already pending quiet title action in the court of common pleas. Regarding Teddy's assertion that his counterclaim to foreclose his Mechanics Lien and his "Unjust Enrichment Claim" exceed the municipal court's monetary jurisdiction, and subject the entire matter to transfer to the court of common pleas, we initially note that Teddy's counterclaim does not contain a claim of unjust enrichment or seek damages on that basis. His unjust enrichment argument was raised in his supporting memorandum to his motion to transfer as a bar to the application of the Statute of Frauds. Regarding the Mechanics Lien, we note that pursuant to R.C. 1311.02, Teddy is not a proper lien claimant. R.C. 1311.02 requires the existence of a contractual relationship and delineates who can assert a Mechanics Lien as follows:

> Every person who performs work or labor upon or furnishes material in furtherance of any improvement undertaken by virtue of a contract, express or implied, with the owner, part owner, or lessee of any interest in real estate, or the owner's, part owner's, or lessee's authorized agent, and every person who as a subcontractor, laborer, or material supplier, performs any labor or work or furnishes any material to an original contractor

or any subcontractor, in carrying forward, performing, or completing any improvement, has a lien to secure the payment therefor upon the improvement and all interests that the owner, part owner, or lessee may have or subsequently acquire in the land or leasehold to which the improvement was made or removed.

{¶ 27} We further note that R.C. 1901.18 does not confer jurisdiction on municipal courts to foreclose Mechanics Liens on real property, and like the counterclaim to quiet title, it is subject to dismissal pursuant to Civ.R. 12.

{¶ 28} Teddy's counterclaims seeking foreclosure of his Mechanics Lien and determination of legal title to the Vanada premises were subject to mandatory dismissal, pursuant to Civ.R. 12(H)(3), and not certification, pursuant to Civ.R. 13(J), to the court of common pleas. In other words, the municipal court had jurisdiction to determine the action in forcible entry and detainer, and Teddy's first assigned error is overruled.

{¶ 29} We will next address Teddy's fourth assigned error. It is as follows:

"THE TRIAL COURT ABUSED ITS DISCRETION BY NOT CONDUCTING A 'DE NOVO' REVIEW OF THE MAGISTRATE'S DECISION."

{¶ 30} According to Teddy, "It is obvious from the Judgment Entry of the reviewing court, and the fact that a transcript of the hearing was not prepared and filed until after the Appeal was filed, that the reviewing Judge did [not] conduct a proper 'de novo' review of the court's magistrate's (sic) Decision."

{¶ 31} "Civ.R 53(D) places upon the reviewing court the ultimate authority and responsibility over an appointed magistrate's findings and rulings. *Hartt v. Munobe*, 67

Ohio St.3d 3, 6, 615 N.E.2d 617, 1993-Ohio-177." *Ohio Environmental Protection Agency v. Lowry*, 10th Dist. Franklin No. 10AP-1184, 2011-Ohio-6820, ¶ 11.

**{¶ 32}** Civ.R. 53(D)(4) provides in relevant part:

* * *

(d) *Action on objections*. If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. * * *

(e) *Entry of judgment or interim order by court*. A court that adopts, rejects, or modifies a magistrate's decision shall also enter *a judgment* or interim order.

**{¶ 33}** Teddy directs our attention in part to *Bennett v. Bennett*, 2d Dist. Clark No. 11-CA-52, 2012-Ohio-501, 969 N.E.2d 344, as well as Civ.R. 54(A). Civ.R. 54(A) provides, "'Judgment' as used in these rules includes a decree and any order from which an appeal lies as provided in section 2505.02 of the Revised Code. A judgment shall not contain a recital of pleadings, the magistrate's decision in a referred matter, or the record of prior proceedings." In *Bennett*, this Court dismissed the appeal and remanded the matter, determining that since the trial court's judgment of divorce was a mere recital of the Magistrate's decision, it did not constitute a final judgment subject to appeal. This Court noted therein as follows:

The appellate jurisdiction of the courts of appeal to review final

judgments and orders of lower courts of record is as may be provided by legislative enactment. Section 3(B)(2), Article IV, Ohio Constitution. That jurisdiction is limited to final orders, judgments, and decrees. *Id*.; R.C. 2505.03(A). Final orders and judgments are defined by R.C. 2505.02.

"A final appealable order has three essential characteristics: It is *final* under Civil Rule 54(B); *appealable* under RC Ch. 2505; and meets the definition of an *order*, *judgment*, or *decree*. Each of these characteristics is a separate requirement, the absence of any of which will deprive the court of jurisdiction to hear the appeal." (Emphasis sic.) * * * *Id*., ¶ 13-14.

{¶ 34} We note that actions for forcible entry and detainer are unique in that Civ.R. 1(C) provides that the Civil Rules "to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (3) in forcible entry and detainer." We further note that the Supreme Court of Ohio has determined that Civ.R. 54 (B) does not apply to forcible entry and detainer actions. *Cuyahoga Metropolitan Housing Authority v. Jackson*, 67 Ohio St. 2d 129, 132, 423 N.E.2d 177 (1981) ("[W]e hold that a judgment entry giving or denying a present right to possession of property under R.C. Chapter 1923 is appealable even though all the causes of action have not been adjudicated.")

{¶ 35} Research produces no authority for the proposition that Civ.R. 53(D)(4)(d) and (e) are not applicable in forcible entry and detainer actions, thus, the trial court's decision is not a judgment within the meaning of the Civil Rules, since it merely recites the Magistrate's decision verbatim without addressing Teddy's objections. As in *Bennett,* this appeal is subject to dismissal and remand.

**{¶ 36}** Regarding the absence of a transcript, we note that Civ.R. 53(D)(3)(b)(iii) provides:

*Objection to magistrate's factual finding; transcript or affidavit.* An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

**{¶ 37}** "Addressing the parameters of Civ.R. 53(D)(3)(b)(iii), Ohio Appellate courts repeatedly have recognized a trial court errs in ruling on a party's objections to a magistrate's factual findings without allotting the party the requisite 30 days to obtain the necessary transcript. * * * *Lincoln v. Callos Mgt. Co.*, 2d Dist. No. 23848, 2010-Ohio-4921, ¶ 10." *Lowry*, ¶ 14. In *Lincoln*, the trial court failed to allow Lincoln 30 days within which to file a transcript of the proceedings before the Magistrate, and this Court concluded, "Although this issue was not raised by either party in the instant appeal, it was plain error for the trial court to overrule Lincoln's objections without first allowing him the requisite 30 days from the filing of his objections to file a transcript of the hearing before the magistrate."

*Id.*, ¶ 10.

**{¶ 38}** Teddy filed his objections on May 8, 2012, and the trial court issued its decision on May 30, 2012, thereby denying him the 30 days within which to file a transcript of the proceedings before the Magistrate.

**{¶ 39}** Teddy's fourth assigned error is sustained, and this appeal is dismissed and the matter is remanded for further proceedings. Teddy shall cause the transcript of the proceedings before the Magistrate to be filed in the trial court within 10 days of this decision.

**{¶ 40}** Teddy's remaining assignments of error are as follows:

"THE MAGISTRATE ERRED AS A MATTER OF LAW WHEN HE DID NOT RESPOND TO REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW."

And,

"THE DECISION OF THE MAGISTRATE WAS BASED UPON INSUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**{¶ 41}** Having dismissed this appeal and remanded the matter, we do not reach these assignments of error.

. . . . . . . . . .

FROELICH, J. concurs.

HALL, J., concurring:

**{¶ 42}** I agree that this matter should be remanded to the trial court because the trial court's ruling on the objections to the magistrate's decision was before the expiration of 30 days for filing of the transcript allowed by Civ. R. 53(D)(3)(b)(iii).

**{¶ 43}** However, I disagree with the conclusion that the trial court's decision was insufficient to be a judgment. The majority cites our decision in *Bennett v. Bennett*, 2d Dist. Clark No. 11 CA 52, 2012-Ohio-501, 969 N. E.2d 344 for the proposition that the trial court's entry is inadequate. I dissented in Bennett for the reason that I was of the opinion that the entry overruling objections and adopting a magistrate's decision was adequate. To be consistent, I am of the same opinion here, the trial court's decision was sufficient.

**{¶ 44}** Nonetheless, the case should be remanded to the trial court for further proceedings.

. . . . . . . . . .

Copies mailed to:

Edwin A. Grinvalds
Wilfred L. Potter
Hon. Eugene S. Nevius