[Cite as *In re D.C.H.*, 2019-Ohio-4945.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: D.C.H. | : | APPEAL NO. C-180514<br>TRIAL NO. F08-642 |
| | : | |
| | : | *O P I N I O N.* |

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: December 4, 2019

*Foster Law, LLC,* and *Mary T. Foster,* for appellee Mother,

*Father,* pro se.

**BERGERON, Judge.**

{¶1} When a case arrives on a juvenile court judge's desk on objections to a magistrate's decision, the juvenile court may entertain new evidence to evaluate the propriety of the magistrate's decision. But when a juvenile court does so, that evidence must satisfy established evidentiary requirements, and for witnesses, that means they must offer sworn testimony. The appellant here challenges the juvenile court's order overturning the magistrate's decision for its reliance on unsworn statements during a colloquy with the court at which no opportunity for cross-examination was provided. But jurisdictional obstacles ultimately overshadow that issue and deprive us of jurisdiction over this appeal. We accordingly dismiss this appeal.

{¶2} This case involves a dispute between two parents who share a daughter, D.C.H. Unhappy with how visitation was proceeding, Mother petitioned the Hamilton County Juvenile Court for an ex parte emergency order suspending Father's visitation rights in the aftermath of an alleged physical altercation between D.C.H. and Father's girlfriend. Although the court denied that motion, it precipitated a hearing before the magistrate on the underlying motion to modify the visitation plan for Father. During this same time, Mother also reported the alleged incident to 241-KIDS (Hamilton County's child abuse hotline), which investigated the matter separately (eventually finding no substantiation to the claim).

{¶3} With a trial date set for determination of the visitation matter, Father failed to appear in front of the magistrate at the appointed hour. The magistrate, proceeding in the absence of Father, received testimony from Mother regarding the altercation between D.C.H. and Father's girlfriend, as well as Mother's concerns with Father's relationship with their daughter. Mother requested that the magistrate

modify visitation to eliminate her daughter's overnight visits and reduce allotted vacation time with Father, which the magistrate granted. Once made aware of the ruling, Father timely lodged objections to it.

{¶4} At the objections hearing in the juvenile court, both parents appeared without counsel (Mother's counsel apparently had a scheduling conflict). Father chalked up his failure to appear before the magistrate to a misunderstanding. He believed that the determination in the pending 241-KIDS investigation, finding no abuse, effectively disposed of the pending request to modify his visitation and obviated the need for him to appear in court. Because Father never had a chance to present his side of the story before the magistrate, the juvenile court proceeded to question Father about his desires regarding the underlying visitation modification.

{¶5} The juvenile court explained to Father that "you can tell me why you believe the Decision of the Magistrate was wrong or the changes you want done and what you're asking the court to do." Father then offered his perspective on the visitation modification and other information regarding the various alleged conflicts between his daughter and himself. Though the juvenile court questioned Mother in "rebuttal," the record reflects that neither party was ever sworn in, and that no cross-examination was conducted.

{¶6} Mother expressed confusion at the hearing as to what, exactly, was under consideration and what the next steps might be, emphasizing, "I need to have my attorney with me." The juvenile court assured Mother that it would review the transcript from the proceeding before the magistrate and then it would "either remand it or uphold the decision."

{¶7} But the juvenile court ultimately took a different path, rejecting the substance of the magistrate's findings:

Although the magistrate was able to view the demeanor of the witnesses, judge the credibility of the testimony and the weight of the evidence presented to the Court, the Magistrate's Decision is not supported in light of the additional evidence.

{¶8} The problem, and the basis for Mother's appeal, is that no actual "evidence" was submitted at the oral argument. Mother's appeal accordingly presents a single assignment of error challenging the juvenile court's rejection of the magistrate's decision. But a more fundamental issue looms in the background of this appeal.

{¶9} In the present case, while the juvenile court's decision reflected that it squarely rejected the magistrate's decision: "[T]he Magistrate's Decision * * * is not appropriate and is hereby rejected by this court," the same entry merely recited that "Father's visitation shall revert to the original visitation schedule," failing to articulate the substance of that schedule in its entry. This omission presents a jurisdictional question that we must address regarding the finality of the order. *See In re E.N.*, 1st Dist. Hamilton No. C-170272, 2018-Ohio-3919, ¶ 14 ("Because an appellate court's jurisdiction is limited * * * we must determine our own jurisdiction to proceed before reaching the merits of mother's appeal."). An appellate court's jurisdiction is constitutionally limited to review and affirmance, modification, or reversal of judgments or final orders as may be provided by law. Ohio Constitution, Article IV, Section (3)(B)(2); *In re L.S.*, 1st Dist. Hamilton Nos. C-140318, C-140319, C-140320 and C-140321, 2015-Ohio-1321, ¶ 6 ("Our jurisdiction is limited to the review of final orders.").

{¶10} Typically, the "final order" analysis in cases like these involves scrutiny of R.C. 2505.02(B)(2), which provides that an order is final when the order "affects a

4

substantial right made in a special proceeding[.]" But another strand to finality exists that obviates our need to go down that path in this case.

{¶11} Juv.R. 40(D)(4)(e) requires that "[a] court that adopts, rejects, or modifies a magistrate's decision shall also enter a judgment[.]" The purpose undergirding this rule is that a trial court fundamentally "retains ultimate responsibility over the matter and must enter a separate and independent judgment that sets forth the parties' rights and obligations with respect to the issues submitted to the court." *In re L.J.S.,* 4th Dist. Washington No. 16CA8, 2016-Ohio-8107, ¶ 11.

{¶12} To qualify as a judgment, the juvenile court's entry must "(1) rule[ ] on any objections, (2) adopt[ ], modif[y], or reject[ ] the [magistrate's] decision, and (3) enter[ ] a judgment that determines all the claims for relief in the action or determine[ ] that there is no just reason for delay." *In re A.T.,* 1st Dist. Hamilton Nos. C-160597, C-160598 and C-160599, 2017-Ohio-5821, ¶ 6, quoting *Alexander v. LJF Mgt., Inc.*, 1st Dist. Hamilton No. C-090091, 2010-Ohio-2763, ¶ 12 (holding that judgment entry requirements of Civ.R. 53 apply to Juv.R. 40). The entry at hand checks the first two boxes, but it falters on the third. That final requirement ensures that parties need only refer to the judgment entry to readily understand what compliance with the court order requires. *See In re D.J.*, 2d Dist. Montgomery No. 26599, 2015-Ohio-2295, ¶ 4, quoting *Bennett v. Bennett,* 2012-Ohio-501, 969 N.E.2d 344, ¶ 20 (2d Dist.) ("[The entry] should state the outcome and contain an order which states the relief granted so that the parties are able to determine their rights and obligations by referring solely to the judgment entry[.]").

{¶13} To be sure, the juvenile court's entry refers back to the July 2015 visitation schedule. But, as we have explained before, for purposes of finality, the juvenile court's entry here needed to set forth the parties' rights and responsibilities

independently, without reference to separate documents. *See In re A.T.* at ¶ 9, quoting *In re D.P.,* 10th Dist. Franklin Nos. 06AP-179 and 06AP-181, 2006-Ohio-5098, ¶ 7 ("The 'judgment entries merely adopted the magistrate's decision and did not include "a clear pronouncement of the trial court's judgment" that expressed what appellant's "responsibilities and obligations" are.' "). Therefore, despite rejecting the magistrate's decision and ruling on the objections, the juvenile court's entry here failed to satisfy the requirements of a judgment for purposes of a creating a final order because understanding the scope of the visitation required reference to a separate document. *See In re L.J.S.* at ¶ 15 ("Moreover, the court did not, in a single document, clearly define all of the parties' rights and obligations in light of the court's decision to sustain appellee's objection * * * and to modify the magistrate's decision."); *In re Beck*, 7th Dist. Belmont No. 00 BA 52, 2002-Ohio-3460, ¶ 14 (dismissal for lack of a final order where court's entry merely referred to the magistrate's decision for visitation plan which required the parties to reference a separate document to "discover how the court defines their rights[.]"); *Kendall v. Kendall,* 6th Dist. Ottawa No. OT-13-019, 2014-Ohio-4730, ¶ 17 (no final order where court's entry required reference to some other document other than the decision itself in order to explain the case's outcome).

{¶14} Adding some additional confusion on this score, juvenile court's order provided that "[t]his matter shall be returned to the Magistrate to litigate transportation issues and any further modifications regarding the Child's cell phone." Yet the order fails to elucidate the magistrate's task in this regard, necessitating resort to the transcript to illuminate the point. Regardless, it remains unclear whether the juvenile court intended to effectuate a final order, or whether it

6

envisioned further proceedings before the magistrate that might impact its disposition.

{¶15} We need not speculate on the court's intentions because the present order fails to satisfy our requirements for finality under Juv.R. 40(D)(4)(e) that the court enter a judgment. Without such an order, we lack jurisdiction over this case and must therefore dismiss the appeal.

Appeal dismissed.

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.

Please note:
        The court has recorded its own entry this date.