OPINION
{¶ 1} Jessica Bowers Koch ("Koch") appeals from a judgment of the Darke County Court of Common Pleas, which denied her motion for a change of custody.
 {¶ 2} Ronald L. Bowers, Jr. ("Bowers") and Koch divorced in 2003. They have one child, Ronald Bowers III ("Ronnie"). Following the divorce, the parties shared parenting responsibilities pursuant to a shared parenting plan for a short time. The shared parenting plan *Page 2 
was terminated because the parties were unable to cooperate. In August 2004, the trial court placed Ronnie in Bowers' custody over Koch's objections. The court found that it was in Ronnie's best interest to place him with his father because Koch had made unfounded abuse allegations against Bowers and had interfered with his visitation rights during the pendency of the proceedings and because there was evidence that domestic violence was occurring in Koch's home.
 {¶ 3} In January 2005, Koch filed a motion to modify parenting time because Bowers had taken a job as a truck driver that caused him to be away from home during the week. A magistrate conducted a hearing on the motion. After the hearing, the magistrate observed that Ronnie was well adjusted in his father's home and concluded that the "harm likely to be caused by a change of environment outweighs the advantages of a change." Thus, the magistrate concluded that, although Bowers' change in employment did constitute a change in circumstances, it was not in Ronnie's best interests to change the custodial arrangement. The magistrate relied on a counselor's testimony that Ronnie suffered from stress and anxiety going back and forth between the parents and that he exhibited aggressive and "chaotic" play related to activities at his mother's home. The counselor also shared her impression that Ronnie had been "told not to give her certain information" about his mother's home. The magistrate also noted Bowers' concern that false allegations against him would resurface if Ronnie was returned to his mother's custody.
 {¶ 4} Koch did not file objections to the magistrate's decision, and the magistrate's decision was adopted by the trial court.
 {¶ 5} On appeal, Koch claims that the trial court abused its discretion by finding only *Page 3 
one change of circumstance, where the evidence supported several changes in circumstances, and by concluding that it was not in the child's best interest to change the custody arrangement. Bowers challenges Koch's ability to appeal from the magistrate's decision because she failed to object to the magistrate's findings in the trial court.
 {¶ 6} Civ.R. 53(D)(3)(b)(iv) states: "Except for plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Due to Koch's failure to object to the magistrate's decision, she deprived the trial court of the opportunity to correct the alleged errors and thereby waived her right to appeal the findings and conclusions contained in the decision. See In re Etter (1998), 134 Ohio App.3d 484, 492,731 N.E.2d 694, citing Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 121,679 N.E.2d 1099; Jeffries v. Grismer Tire Co., Montgomery App. No. 18968, 2002-Ohio-926.
 {¶ 7} Koch's failure to raise her arguments as objections to the magistrate's decision waived them for purposes of appeal. Accordingly, her assignments of error are overruled.
 {¶ 8} The judgment of the trial court will be affirmed.
 BROGAN, J. and DONOVAN, J., concur. *Page 1