[Cite as *Corliss v. Corliss*, 2012-Ohio-3715.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| NEIL M. CORLISS, JR. | : | |
| | : | Appellate Case No. 25098 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2008-DR-843/1 |
| v. | : | |
| | : | |
| MELISSA D. CORLISS | : | (Civil Appeal from Common Pleas |
| | : | Court, Domestic Relations) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of August, 2012.

. . . . . . . . . .

NEIL M. CORLISS, JR., 1329 Far Hills Avenue, Dayton, Ohio 45419
        Plaintiff-Appellant, *pro se*

MICHAEL A. HOCHWALT, Atty. Reg. #0017688, 500 Lincoln Park Boulevard, Suite 216,
Dayton, Ohio 45429
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

FAIN, J.

{¶ 1}  Plaintiff-appellant Neil Corliss appeals from an order granting the motion to

change his parenting time, filed by his ex-wife, defendant-appellee Melissa Corliss.

**{¶ 2}** Mr. Corliss did not file objections to the decision of the magistrate regarding his parenting time, and has therefore waived all but plain error. Furthermore, since Mr. Corliss has not caused the filing of a transcript of the hearing on the motion, we cannot search the record for plain error, but must presume the regularity of the proceedings. Accordingly, the order of the trial court from which this appeal is taken is Affirmed.

## I.    The Course of Proceedings

**{¶ 3}** Mr. Corliss filed a complaint for divorce in 2008. Ms. Corliss filed an answer and counterclaim. The parties were divorced in April of 2011. Ms. Corliss was designated residential and custodial parent of the parties' two minor children. With regard to parenting time, the final decree stated as follows:

> 3.2 The parents shall exercise a week-to-week parenting time schedule with exchange taking place on Sunday. The exchange time shall be determined by the parents, but no later than 6:00 p.m.
>
> The same pattern shall continue through the summer months, except that each parent shall be entitled to two (2) weeks of parenting time to accomplish vacation period. * * *
>
> 3.3 All holidays, vacations, and breaks shall be in accordance with the Montgomery County Standard of Parenting Time unless otherwise agreed or modified by the parties.

**{¶ 4}** About a month later, Ms. Corliss filed a motion to change the parenting time schedule. She noted that she was required to move to Troy, Ohio, due to her employment.

The matter was set for a hearing before a magistrate. On March 12, 2012, the magistrate entered a decision granting the motion and ordering that Mr. Corliss exercise parenting time in accordance with the Montgomery County Standard Order of Visitation. This decision was adopted on the same date as the order of the trial court. Neither party objected to the decision of the magistrate, as provided for in Civ.R. 53(D)(3)(b).

## II. In the Absence of a Transcript of Proceedings Before the Magistrate, Mr. Corliss Has Not Overcome the Presumption of Regularity in those Proceedings

{¶ 5} Mr. Corliss has not complied with the Rules of Appellate Procedure regarding the filing of appellate briefs; his brief does not contain assignments of error, as required by App.R. 16(A)(3). In the interest of justice, we have inferred the following assignment of error from the arguments set forth in his filing with this court:

THE TRIAL COURT'S ORDER ALTERING PARENTING TIME CONSTITUTES AN ABUSE OF DISCRETION AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 6} Mr. Corliss contends that the evidence does not support the order, and that the decision to alter his parenting time constitutes an abuse of discretion.

{¶ 7} Civ.R. 53(D)(3)(b)(iv) states: "Except for plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Mr. Corliss's failure to have objected to the magistrate's decision has deprived the trial court of the opportunity to correct the any errors therein; consequently, Mr. Corliss has waived all but

plain error.  *Bowers v. Bowers,* 2d Dist. Darke No. 1699, 2007-Ohio-1739.

{¶ 8}    Furthermore, we cannot find plain error in the record of the proceedings before the magistrate because Mr. Corliss has not caused the filing of a transcript of those proceedings.  It is the responsibility of an appellant to prepare the transcript for inclusion in the record.  App.R. 9(B); *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19, 520 N.E.2d 564 (1988).  Without a transcript of the proceedings, we are unable to review the alleged improprieties in the magistrate's decision.  Accordingly, we must presume the validity of the lower court's proceedings. *Hartt v. Munobe*, 67 Ohio St.3d 3, 7, 615 N.E.2d 617 (1993).

{¶ 9}    The magistrate's decision was based upon the fact that Ms. Corliss was required, due to changes in her employment, to move to the Troy area.  This decision does not, on its face, constitute plain error.  In the absence of a transcript, Mr. Corliss has not overcome the presumption of regularity in the proceedings before the magistrate. Therefore, we conclude that the trial court did not abuse its discretion, and its order is not against the weight of the evidence.

{¶ 10}    Mr. Corliss's sole assignment of error is overruled.

### III.   Conclusion

{¶ 11}    Mr. Corliss's sole assignment of error having been overruled, the order of the trial court from which this appeal is taken is Affirmed.

. . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Neil M. Corliss, Jr.
1329 Far Hills Avenue
Dayton, OH 45419

Michael A. Hochwalt
500 Lincoln Park Blvd
Suite 216
Dayton, OH 45429

Hon. Timothy D. Wood
Montgomery County Domestic Relations Court
301 S. Third Street, 2nd Floor
P.O. Box 972
Dayton, OH 45422-4248