[Cite as *Frodyma v. Frodyma*, 2014-Ohio-953.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

|  |  |  |
|---|---|---|
| ROBIN FRODYMA | : | |
| | : | Appellate Case No. 2013-CA-40 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 04-DR-24 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| MARK FRODYMA | : | Court, Domestic Relations) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of March, 2014

. . . . . . . . . . .

MARK J. DONATELLI, Atty. Reg. #0019461, Donatelli Law LLC, 77 West Main Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

DAVID M. McNAMEE, Atty. Reg. #0068582, 42 Woodcroft Trail, Suite D, Beavercreek, Ohio 45430
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}     Defendant-appellant Mark Frodyma appeals from an order requiring him to pay spousal support.  He contends that the trial court abused its discretion by denying his request for a continuance of the hearing on the matter.  He further contends that the trial court erred by

modifying the support order.

{¶ 2}    We conclude that the trial court did not abuse its discretion by denying Mr. Frodyma's request for continuance, made on the day of the scheduled hearing.   We further conclude that the trial court did not modify Mr. Frodyma's spousal support obligation with regard to the duration of his obligation.   Finally, we conclude that the amount of Mr. Frodyma's support obligation set by the trial court does not constitute an abuse of discretion.

{¶ 3}    Accordingly the judgment of the trial court is Affirmed.

## I.   The Course of Proceedings

{¶ 4}    Robin and Mark Frodyma were married in 1981.   They were divorced in November 2004.   Mr. Frodyma was ordered to pay spousal support to Ms. Frodyma in the amount of $1,100 per month, for a period of 84 months.   The trial court expressly retained jurisdiction over "the amount of spousal support, but not the duration[.]"

{¶ 5}    In 2009, Mr. Frodyma filed a motion to modify spousal support, asserting that he had lost his employment.   Following a hearing, the magistrate suspended Mr. Frodyma's support obligation, effective May 1, 2009, subject to further orders of the court.   Neither party objected to the magistrate's decision, which provided, in pertinent part, as follows:

> 1.   Defendant's obligation to pay spousal support is SUSPENDED, beginning May 1, 2009, subject to further Order of this Court.
>
> * * *
>
> 4.   Any suspended month of spousal support shall be tolled, such that Defendant shall still pay 84 months of support.

{¶ 6}    The duty to pay spousal support in the sum of $1,100 per month was reinstated

by a decision and order entered July 7, 2010. Mr. Frodyma objected, contending that his support obligation should have been reduced, because Ms. Frodyma's earnings had increased from the date the original support order was entered. These objections were overruled. Mr. Frodyma did not appeal.

{¶ 7} In October 2010, Mr. Frodyma filed a second motion to modify spousal support, contending that he had again lost his job. Following a pre-trial conference, Mr. Frodyma's support obligation was again suspended, effective November 1, 2010. The matter was set for review hearing on November 28, 2011.

{¶ 8} On November 21, 2011 Mr. Frodyma filed a "Motion to Dismiss Hearing," in which he stated:

> Now comes Defendant pro se to inform the court that the spousal support agreement was effective 1 November 2004 for a period of 84 months. The hearing scheduled for 28 November 2011 is after the end date of the spousal support requirements of the Defendant. The Defendant has no obligation for spousal support after 31 October 2011 and has no obligation to attend this hearing.

{¶ 9} A facsimile cover sheet was included with the motion to dismiss, in which Mr. Frodyma requested that the court "confirm via phone that this hearing is cancelled due to expiration of the divorce decree." On the same date, the trial court entered an order overruling Mr. Frodyma's motion to dismiss.

{¶ 10} The hearing set for November 28 was conducted with Ms. Frodyma present. In his decision and order, the magistrate noted the following:

> [Mr. Frodyma] called the court and reported that he was ill and would not

be present at the hearing. Defendant was well aware from previous dealings with the court on how to request a continuance if he was unable to be present for hearing. [Mr. Frodyma] did not file a request to continue the hearing and did not appear. However, [he] did file a motion to dismiss the hearing on November 21, 2011, alleging that the court did not have jurisdiction over the issue of spousal support presently before it on his prior motion. The Magistrate finds that Defendant never intended to appear for the review hearing as evidenced by his belief that the Court no longer had jurisdiction over the issue of spousal support.

**{¶ 11}** The magistrate found that Mr. Frodyma had "not satisfied 27 months of the term of spousal support as anticipated by the parties' Final Judgment and Decree of Divorce." The magistrate ordered Mr. Frodyma to pay the remaining 27 months of support at the rate of $1,100 per month.

**{¶ 12}** Mr. Frodyma objected to the magistrate's decision; his objections were overruled. In its decision overruling the objections, the trial court stated:

The Greene County Domestic Relations Court Local Rules state:

2.05. CONTINUANCES

No party will be granted a continuance of a hearing or pretrial without a written motion. The motion will state the reason for the continuance and will be signed by the party as well as counsel. The Court may waive this requirement upon a showing of good cause. * * *

The Defendant was instructed by Court staff to file a written motion as required by local rule. Defendant had time to fax the motion to the Court prior to the hearing

but did not. The Plaintiff's spousal support has been suspended since September 9, 2009 and to continue the case at the last moment would have been inequitable.

{¶ 13} From the latest order of spousal support, Mr. Frodyma appeals.

**II. Where a Spousal Support Obligor Fails to Appeal from a Trial Court's Construction of a Divorce Decree that Permits his 84-Month Support Obligation to Be Temporarily Suspended and Later Resumed, that Construction of the Decree Is the Law of the Case, and the Obligor May Not Subsequently Assign that Construction as Error**

{¶ 14} Mr. Frodyma's First Assignment of Error states:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY MODIFYING THE DURATION OF A SPOUSAL SUPPORT ORDER WHEN THE FINAL JUDGMENT AND DECREE OF DIVORCE EXPRESSLY PROHIBITS SAME.

{¶ 15} Mr. Frodyma contends that the trial court erred by modifying his duty to pay support. In support, he argues that the divorce decree expressly prohibited the court from retaining jurisdiction over the duration of the support payments. He further contends that the time period for paying support, as set forth in the decree, had expired thereby depriving the court of jurisdiction over the matter. He cites *McHenry v. McHenry*, 2d Dist. Montgomery No. 20345, 2004-Ohio-4047, for the proposition that, pursuant to R.C. 3105.18(E), a trial court may retain jurisdiction to modify a spousal support award only when the decree "contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support."

*Id.* at ¶ 11.

{¶ **16**}   Mr. Frodyma construes the decree as requiring that he pay spousal support for a period of 84 months beginning on the date of the decree, and ending after the passage of 84 consecutive months.   Assuming, for purposes of analysis, that this is a valid construction of the original decree, the subsequent orders of the court, to which Mr. Frodyma did not object, and from which he did not appeal, establish that his support obligation was to pay spousal support in 84 monthly payments, which did not necessarily have to be consecutive.   This construction of the decree became the law of the case, by virtue of Mr. Frodyma's failure to appeal.   Therefore, we conclude that the trial court did not err when it first suspended Mr. Frodyma's spousal support obligation, at his request, and later resumed that obligation.

{¶ **17**}   The First Assignment of Error is overruled.

### III.   Without a Transcript, We Are Unable to Conclude that the Amount of the Latest Spousal Support Order – the Same Amount Established in the Divorce Decree – Is an Abuse of Discretion

{¶ **18**}   The Second Assignment of Error asserted by Mr. Frodyma states:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN THE COURT ORDERED APPELLANT TO PAY SPOUSAL SUPPORT TO THE APPELLEE AND ARBITRARILY SET THE AMOUNT OF SPOUSAL SUPPORT TO BE PAID.

{¶ **19**}   Mr. Frodyma contends that the trial court inappropriately and arbitrarily set the amount of his support obligation at $1,100 per month.   He argues that there is no basis for this

order, and that it actually is contrary to the evidence. He cites us to a portion of the magistrate's decision in which he claims there is an acknowledgment that he is unemployed. He further contends that the evidence in the record establishes that Ms. Frodyma "has received an increase in income, has purchased a home, is capable of paying her bills, and has approximately $6,600 in savings."

{¶ 20} Mr. Frodyma has not provided us a transcript of the hearing before the magistrate. Indeed, the trial court noted that it did not have a transcript when it reviewed Mr. Frodyma's objections. The trial court listened to the audiotape of the hearing.

{¶ 21} The magistrate's decision made the following findings of fact:

[Mr. Frodyma] apparently remains unemployed, but did not appear at the final hearing to testify as to his income and expenses. However, the Magistrate doubts that [Mr. Frodyma's] search for employment was active and genuine. Based on the testimony of [Ms. Frodyma], [Mr. Frodyma] received a substantial inheritance while this motion was pending. [He] is living a lifestyle that includes travel, clubs, and somewhat expensive hobbies. [Ms. Frodyma], on the other hand, lives paycheck to paycheck and has been unable to accumulate any savings. The parties were married for a significant period of time. [Mr. Frodyma] has maintained the same standard of living as during the marriage, but [Ms. Frodyma] has not. [Ms. Frodyma] still has simple and basic needs still going unmet. [Mr. Frodyma's] earning ability remains the same as it was at the time of the divorce. Although [Ms. Frodyma] has received incremental increases in her income, those increases were in line with the cost of living increases and have not allowed her to

recover the standard of living the parties enjoyed while married.

{¶ 22} Because we have no transcript to review, we must presume the regularity of the trial court's proceedings. *Corliss v. Corliss*, 2d Dist. Montgomery No. 25098, 2012-Ohio-3715, ¶ 2. Because we have no basis for concluding that either the magistrate or the trial court erred with regard to findings of fact, we conclude that the decision regarding the amount of support – the same amount established in the divorce decree – does not constitute an abuse of discretion.

{¶ 23} The Second Assignment of Error is overruled.

**IV. Based Upon the Record Before Us, We Conclude that the Trial Court Did Not Abuse its Discretion by Denying Mr. Frodyma's Last-Minute Request for a Continuance, without the Written Motion Required by Local Rule**

{¶ 24} Mr. Frodyma's Third Assignment of Error is as follows:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN THE COURT DENIED THE APPELLANT'S REQUEST FOR A CONTINUANCE AND DENYING APPELLANT AN OPPORTUNITY TO BE HEARD ON THE ISSUES BEFORE THE COURT.

{¶ 25} Mr. Frodyma contends that the trial court abused its discretion by denying his request for a continuance of the hearing on the spousal support. In support, he argues that the denial of his request for a continuance was a denial of his right to be heard. He further argues that "there is no indication that [he] had access to a fax machine enabling him to fax a continuance to the Court prior to the hearing."

{¶ 26} "The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge." *State v. Unger,* 67 Ohio St.2d 65, 67, 423 N.E.2d 1078

(1981). Therefore, an appellate court must not reverse a trial court's decision to deny a motion for continuance unless it finds that the trial court abused its discretion. *Id.* The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 27} "In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." *Unger* at 67-68 (citations omitted.) This Court has held that it does not constitute an abuse of discretion for a trial court to deny a motion for continuance filed on the day a trial is scheduled to begin. *State v. Pigg*, 2d Dist. Montgomery No. 25549, 2013-Ohio-4722, ¶ 18.

{¶ 28} In this case, the court found that Mr. Frodyma's motion to continue was not based upon his inability to appear, but was based upon his belief that he did not have to appear, as evidenced by the motion to dismiss he filed a week before the hearing. While Mr. Frodyma states that there is no proof that he had access to a fax machine, there is no evidence in the record to support a finding that he was unable to comply with the Local Rule requiring a written motion. Nor is there any evidence to support a finding that he informed the trial court that he was unable to file a written motion. Based upon the record before us, we conclude that the trial court did not abuse its discretion by denying Mr. Frodyma's motion for a continuance.

{¶ 29} The Third Assignment of Error is overruled.

## V. Conclusion

{¶ 30}   All of Mr. Frodyma's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH and WRIGHT, JJ., concur.

(Hon. Thomas R. Wright, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Mark J. Donatelli
David M. McNamee
Hon. Steven L. Hurley