[Cite as *Rucker-Ward v. Burrus*, 2014-Ohio-5581.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| ROBIN RUCKER-WARD | : | |
| | : | Appellate Case No. 26317 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case Nos. 14-CV-2188 |
| v. | : | 14-CV-2189 |
| | : | |
| KIMBERLY BURRUS, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of December, 2014.

. . . . . . . . . . .

ROBIN RUCKER-WARD, 1212 Amherst Place, Dayton, Ohio 45406
        Plaintiff-Appellant, *pro se*

KIMBERLY BURRUS and ELTON BURRUS, 1208 Amherst Place, Dayton, Ohio 45406
        Defendants-Appellees, *pro se*

. . . . . . . . . . . .

HALL, J.

**{¶ 1}** Robin Rucker-Ward appeals pro se from the trial court's denial of her petitions for civil stalking protection orders against appellees Kimberly and Elton Burrus.

**{¶ 2}** The record reflects that Rucker-Ward filed separate petitions against each of the appellees in April 2014. The two actions were consolidated, and Rucker-Ward was denied temporary protection orders. Thereafter, a magistrate held a full evidentiary hearing on the petitions. After hearing testimony from a number of witnesses, including the parties herein, the magistrate concluded that Rucker-Ward had not established entitlement to a civil stalking protection order against Kimberly or Elton Burrus. Accordingly, the magistrate filed a decision denying Rucker-Ward's petitions. (Doc. #12). No objections were filed. Thereafter, the trial court filed an entry in which it found no error of law or defect on the face of the magistrate's decision, adopted the magistrate's decision, and entered judgment denying the petitions. (Doc. #13).

**{¶ 3}** On appeal, Rucker-Ward fails to set forth any assignments of error. Her opening brief and reply brief both allege numerous disputes with Kimberly and Elton Burrus, her next-door neighbors. The disputes primarily concern the appellees parking in front of her house and problems with the appellees' children. In finding Rucker-Ward not entitled to relief, the magistrate saw no "pattern of conduct" that reasonably caused her to fear physical harm. Although Rucker-Ward challenges some of the magistrate's factual findings, she did not file objections to those findings below. Nor has she provided us with a transcript of the evidentiary hearing.

**{¶ 4}** When no objections to a magistrate's decision are filed, a trial court may adopt

the decision as its own "unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).Under such circumstances, the trial court "performs no independent review of the merits of the magistrate's decision, because the lack of objections waives the parties' right to such a review, as well as the right to assign error on appeal concerning the court's adoption of findings of fact or conclusions of law in the magistrate's decision." *Bennett v. Bennett*, 2012-Ohio-501, 969 N.E.2d 344, ¶ 17 (2d Dist.), citing Civ.R. 53(D)(3)(b)(iv) ("Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)") By failing to file objections to the magistrate's decision below, Rucker-Ward has waived her ability to challenge the magistrate's factual findings on appeal. We would be unable to review the propriety of those findings in any event because she has not filed a transcript of the evidentiary hearing. Absent a transcript, we must presume regularity below. *Frodyma v. Frodyma*, 2d Dist. Greene No. 2013-CA-40, 2014-Ohio-953, ¶ 22.

{¶ 5} Having no evidentiary basis for finding error in the denial of Rucker-Ward's petitions, we affirm the judgment of the Montgomery County Common Pleas Court.

. . . . . . . . . . . . .

FAIN, J., and DONOVAN, J., concur.

Copies mailed to:

Robin Rucker-Ward
Kimberly Burrus
Elton Burrus
Hon. Timothy N. O'Connell