[Cite as *L.N.Y v. Breh*, 2016-Ohio-966.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| L.N.Y. | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 26607 |
| | : | |
| v. | : | Trial Court Case No. 2015-CV-341 |
| | : | |
| DANIEL BREH | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of March, 2016.

. . . . . . . . . . .

L.N.Y. and J.Y.
        Plaintiffs-Appellees, *pro se*

MICHAEL T. COLUMBUS, Atty. Reg. No. 0076799, 130 West Second Street, Suite 2103, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

        **{¶ 1}** Daniel Breh appeals a trial court's grant of a civil protection order. Finding no

error, we affirm.

## I. Background

**{¶ 2}** J.Y. filed a petition in January 2015 for a civil stalking protection order against Daniel Breh on behalf of his nine-year-old daughter, L.N.Y. After an ex-parte hearing, a temporary order was granted. A full hearing was held the following month before a magistrate. Based on the testimony presented at the hearing, the magistrate found these facts:

> * * * Daniel Breh is the boyfriend of Petitioner's mother. Petitioner's mother left her husband and children some months ago. She has been with Mr. Breh since that time. Just prior to Christmas, Petitioner was with her mother and her baby brother. Petitioner testified that her mother lied and said they were going to a hotel but in fact they went to Mr. Breh's apartment. Petitioner's mother left for work that evening and did not return until approximately 4am the next day. Petitioner went to lay down on the couch where she would be sleeping that evening. She stated she pretended to be asleep because she was afraid of the Respondent. She stated that the Respondent came over to the couch and rubbed his hand on her upper thigh. She was afraid and so she turned over and he walked away. When she saw her mother the next day, she told her mother what had happened with Mr. Breh. She states that her mother did not believe her.
>
> Petitioner's father also testified that his wife has had sex with his brother and her brother-in-law in front of the children and that she frequently takes the children to hotels.

Respondent testified that the children had been at his apartment for two days just prior to Christmas. He stated that Petitioner was asleep on the couch and his own six year old son was playing video games until 3am before he went to sleep. Respondent states he went to bed in his own bed and had the baby brother in bed with him until the mother came home at 4am.

Strangely, Petitioner's mother was not present at the hearing. She is still dating Mr. Breh.

*Magistrate's Granting of Protection Order After Full Hearing* (Feb. 12, 2014).

**{¶ 3}** The magistrate found L.N.Y.'s testimony about the events in Breh's apartment credible and concluded that she had proven by a preponderance of the evidence that Breh had committed a sexually oriented offense against her. So the magistrate recommended that the trial court grant the request for a Civil Stalking Protection Order. The trial court adopted the magistrate's findings and recommendation and entered an order of protection.

**{¶ 4}** Breh appealed.

## II. Analysis

**{¶ 5}** Breh presents two assignments of error. The first alleges that the magistrate erred by not conducting an in-camera interview of L.N.Y. or determining if she was competent to testify. The second assignment of error alleges that the evidence is insufficient to support the protection order and alleges that the order is against the manifest weight of the evidence.

**{¶ 6}** L.N.Y. did not file a brief.

**{¶ 7}** Evid.R 601 provides that "[e]very person is competent to be a witness except * * * children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." The Ohio Supreme Court has said that "[i]t is the duty of the trial judge to conduct a voir dire examination of a child under ten years of age to determine the child's competency to testify. * * * [T]he responsibility of the trial judge is to determine through questioning whether the child of tender years is capable of receiving just impressions of facts and events and to accurately relate them." *State v. Frazier*, 61 Ohio St.3d 247, 250-251, 574 N.E.2d 483 (1991). We have said that "a general inquiry is sufficient for a trial court to determine if a child can perceive, recollect, and truthfully relate events." *Prado v. Elsayed*, 2d Dist. Montgomery No. 24528, 2012-Ohio-290, ¶ 42, citing *State v. McNeill*, 83 Ohio St.3d 438, 700 N.E.2d 596 (1998).

**{¶ 8}** Here, we do not know whether the magistrate conducted an inquiry into L.N.Y.'s competence to testify because Breh has not provided us a transcript of the full hearing before the magistrate.[1] "Because we have no transcript to review, we must presume the regularity of the trial court's proceedings." (Citation omitted.) *Frodyma v. Frodyma*, 2d Dist. Greene No. 2013-CA-40, 2014-Ohio-953, ¶ 22.

**{¶ 9}** As to the second assignment of error, Breh must file a transcript of the full hearing in order to argue on appeal that the protection order "is unsupported by the

---

[1] Early on in this appeal, Breh moved this Court to allow him to supplement the record with a transcript of the full hearing, and we ordered that he file a transcript. Breh later filed his merit brief without filing a transcript, stating that he is proceeding in this appeal without one.

evidence or is contrary to the weight of the evidence." App.R. 9(B). Without a transcript of the hearing, we cannot address Breh's arguments. *See Trammell v. Powell*, 2d Dist. Montgomery No. 23832, 2011-Ohio-2978, ¶ 12.

### III. Conclusion

**{¶ 10}** We have no basis for concluding that the magistrate erred, so we must conclude that the protection order was properly issued.

**{¶ 11}** Both assignments of error are overruled.

**{¶ 12}** The trial court's judgment is affirmed.

. . . . . . . . . . . . .

FAIN, J., and WELBAUM, J., concur.

Copies mailed to:

L.N.Y.
J.Y.
Michael T. Columbus
Hon. Dennis J. Adkins